IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY JO BENNETT,

    Plaintiff,

                          2:12-cv-2041-PK

v.                             FINDINGS AND
                             RECOMMENDATION

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.

PAPAK, Magistrate Judge:

    Plaintiff Mary Jo Bennett ("Bennett") seeks judicial review of the Commissioner of Social Security's final decision denying her application for social security insurance ("SSI") and disability insurance benefits ("DIB") under Titles II and IX of the Social Security Act (the "Act"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). I have considered all of the parties' briefs and all of the evidence in the administrative record. For the

reasons set forth below, the Commissioner's final decision should be **reversed** and this case should be remanded for the immediate payment of benefits.

## DISABILITY ANALYSIS FRAMEWORK

To establish disability within the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process for determining whether a claimant has made the requisite demonstration. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At the first four steps of the process, the burden of proof is on the claimant; only at the fifth and final step does the burden of proof shift to the Commissioner. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the Administrative Law Judge considers the claimant's work activity, if any. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b). Otherwise, the evaluation will proceed to the second step.

At the second step, the ALJ considers the medical severity of the claimant's impairments. *See Bowen*, 482 U.S. at 140-141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "severe" if it significantly limits the claimant's ability to perform basic work activities and is expected to persist for a period of twelve months or longer. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(c), 416.920(c). The ability to perform basic work

2 – FINDINGS AND RECOMMENDATION

activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b); *see also Bowen*, 482 U.S. at 141. If the ALJ finds that the claimant's impairments are not severe or do not meet the duration requirement, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c).

If the claimant's impairments are severe, the evaluation will proceed to the third step, at which the ALJ determines whether the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d). If the claimant's impairments are equivalent to one of the impairments enumerated in 20 C.F.R. § 404, subpt. P, app. 1, the claimant will conclusively be found disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d).

If the claimant's impairments are not equivalent to one of the enumerated impairments, the ALJ is required to assess the claimant's residual functional capacity ("RFC"), based on all the relevant medical and other evidence in the claimant's case record. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is an estimate of the claimant's capacity to perform sustained, work-related, physical and mental activities on a regular and continuing basis, despite the limitations imposed by the claimant's impairments. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); see also S.S.R. No. 96-8p, 1996 SSR LEXIS 5.

At the fourth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's past relevant work. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If, in light of the claimant's RFC, the ALJ determines that

3 – FINDINGS AND RECOMMENDATION

the claimant can still perform his or her past relevant work, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f). In the event the claimant is no longer capable of performing his or her past relevant work, the evaluation will proceed to the fifth and final step, at which the burden of proof is, for the first time, on the Commissioner.

At the fifth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's age, education, and work experience to determine whether the claimant can perform any jobs that exist in significant numbers in the national economy. *See Bowen*, 482 U.S. at 142; see also 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c), 404.1566, 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. If the Commissioner meets its burden to demonstrate that the claimant is capable of performing jobs existing in significant numbers in the national economy, the claimant is conclusively found not to be disabled. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c), 404.1566, 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. A claimant will be found entitled to benefits if the Commissioner fails to meet its burden at the fifth step. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

## LEGAL STANDARD

A reviewing Court must affirm an Administrative Law Judge's decision if the ALJ applied the proper legal standards and his findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *see also Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a

conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007), *citing Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

The Court must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* The Court may not substitute its judgment for that of the Commissioner. *See id.*, *citing Robbins*, 466 F.3d at 882; *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the ALJ's interpretation of the evidence is rational, it is immaterial that the evidence may be "susceptible [of] more than one rational interpretation." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

## BACKGROUND

Born in March, 1985, Bennett was 23 years old on the amended alleged onset date of January 7, 2009. Tr. 44, 165.[1] She protectively filed for SSI and DIB on July 21, 2008, alleging disability due to nerve damage, degenerative disc disease, arthritis, and post-traumatic stress disorder ("PTSD"). Tr. 170. On June 8, 2009, after her applications were denied initially and on reconsideration, Bennett requested a hearing before an ALJ. Tr. 105-06. She appeared at a hearing before ALJ John Madden, Jr. on November 2, 2010, represented by attorney Todd Westmoreland. Tr. 38-79.

At the hearing, Bennett testified that she dropped out of high school because of panic attacks, headaches, and social difficulties, but that she earned her GED. Tr. 56-57. She stated that she suffers from vision problems, night blindness, and carpal tunnel syndrome. Tr. 49, 57. Bennett described several attempts to work in the past that were unsuccessful due to her various limitations. *See* Tr. 49, 58-59. She reported that she has trouble walking up stairs or inclines, and that she tends to fall for no reason. Tr. 61-62. She testified that she can stand for 5 to 10

minutes at a time, but must get up and move around frequently when she sits. Tr. 69. Bennett has difficulty gripping objects or picking up large items from the floor. Tr. 70. She reported that she does not use drugs, but that her medications cause dizziness, drowsiness, and difficulty concentrating. Tr. 71.

ALJ Madden issued a decision on March 17, 2011, finding Bennett not disabled. Tr. 17-30. The Appeals Council denied Bennett's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-3; *see* 20 C.F.R. § 422.210(a); *see also, e.g.*, *Sims v. Apfel*, 530 U.S. 103, 107 (2000). This appeal followed.

## SUMMARY OF ALJ FINDINGS

At the first step of the five-step sequential evaluation process, the ALJ found that Bennett had not engaged in substantial gainful activity since her amended alleged onset date of January 7, 2009. Tr. 19. At the second step, the ALJ found that Bennett had the following severe impairments: mild disc bulges in the lumbar spine, bilateral carpal tunnel syndrome status post release on the right, asthma, obesity, PTSD, panic disorder with agoraphobia, pain disorder associated with both psychological factors and a general medical conditions, borderline personality disorder, dysthymic disorder, and mild cognitive disorder. *Id.* Because Bennett's impairments were deemed severe, the ALJ properly proceeded to the third step of the analysis. Tr. 20.

At the third step, the ALJ found that none of Bennett's impairments met or equaled any of the impairments enumerated in 20 C.F.R. § 404, subpt P, app. 1. Tr. 20. The ALJ therefore conducted an assessment of Bennett's RFC. The ALJ found that during the relevant adjudication period Bennett could:

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative

6 – FINDINGS AND RECOMMENDATION

> lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday. She cannot climb ladders, ropes and scaffolds, but she occasionally can climb ramps and stairs. She can handle and finger frequently. She should avoid concentrated exposure to vibration and pulmonary irritants. [She] is capable of performing simple, repetitive tasks at all times and more detailed tasks on an occasional basis. She should have no public contact. She cannot work as an integral part of an organized work team. She would do best with job duties that do require no more than infrequent ongoing supervision.

Tr. 21.

At the fourth step of the five-step process, the ALJ found that Bennett was unable to perform any of her past relevant work. Tr. 29. At step five, the ALJ determined that Bennett could perform jobs that exist in significant numbers in the national economy, such as linen folder, garment sorter, and box filler. Tr. 29-30. Based on his step five findings, the ALJ concluded that Bennett was not disabled. Tr. 30.

## ANALYSIS

Bennett argues that the Commissioner erred because he (1) improperly evaluated the medical evidence; (2) failed to account for her moderate mental limitations in the RFC; (3) improperly rejected her subjective symptom testimony; and (4) improperly rejected the lay witness testimony.

### I. Medical Evidence

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1115, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of treating, examining, and non-examining physicians. The opinion of a treating physician is generally accorded greater weight than the opinion of an examining physician, and the opinion of an examining physician is accorded greater weight than the opinion of a non-examining physician. *Lester v. Chater*, 81 F.3d 821,

---

record filed herein as Docket No. 10.
7 – FINDINGS AND RECOMMENDATION

830 (9th Cir. 1995). An uncontradicted treating physician's opinion can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). In contrast, if the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester*, 81 F3d at 830. Specific, legitimate reasons for rejecting a physician's opinion may include reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). An ALJ may also discount a medical source's opinion that is inconsistent with the source's other findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). It is legal error to ignore an examining physician's medical opinion without providing reasons for doing so, and an ALJ effectively rejects an opinion where he ignores it. *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996).

Bennett first argues that the ALJ improperly rejected the medical opinion of examining psychologist William Trueblood, Ph.D. Dr. Trueblood performed a psychological examination on December 13, 2010, and diagnosed PTSD, panic disorder with agoraphobia, dysthymia, mild cognitive disorder, and a GAF score of 50. Tr. 515, 524. He opined that Bennett's anxiety would "affect interaction with people, more so with the general public than with familiar people such as coworkers." Tr. 527. Dr. Trueblood also assessed marked limitations in Bennett's ability to interact appropriately with the public and with supervisors, noting that such interaction "might trigger anxiety related to PTSD." *Id.*

The ALJ assigned the "greatest weight" to Dr. Trueblood's opinion, finding that his examination was "the most comprehensive one performed during the adjudicatory period." Tr. 27. The ALJ thus incorporated Dr. Trueblood's opinion that Bennett could have no contact with

8 – FINDINGS AND RECOMMENDATION

the public into to the RFC. He failed, however, to include Dr. Trueblood's assessment regarding Bennett's ability to interact appropriately with supervisors. Tr. 27. Instead, the ALJ merely noted that Bennett "would do best with job duties that do require no more than infrequent ongoing supervision." Tr. 21. This is aspirational language; it does not capture the force of Dr. Trueblood's express limitation. The ALJ appears to have ignored, and thus rejected, Dr. Trueblood's limitation on dealing with supervisors into the RFC; moreover, he failed to provide clear and convincing reasons for doing so. *Smolen*, 80 F.3d at 1286. This was legal error.

The Commissioner argues that the ALJ's RFC assessment was consistent with Dr. Trueblood's opinion. Def.'s Br. 3. First, he points out that Dr. Trueblood's testing results showed that Bennett's working memory and complex attention skills "were the only areas of impairment and that impairment was mild at most." *Id*. The record, however, clearly shows that Dr. Trueblood assessed marked limitations in interacting with supervisors; absent explanation, the ALJ was not entitled to reject this assessment. *Lester*, 81 F3d at 830.

Second, the Commissioner cites the Ninth Circuit case *Stubbs-Danielson v. Astrue* for the proposition that the mental RFC sufficiently captured Bennett's marked limitations by limiting her to simple tasks with no public contact. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-75 (9th Cir. 2008). In *Stubbs-Danielson*, the court held that the ALJ's limitation of the claimant to simple tasks adequately captured her limitations in concentration, persistence and pace because medical evidence in the record also stated that she was able to "carry out simple tasks." *Id*. at 1173-74. In so doing, the Ninth Circuit stated that the ALJ properly translated the claimant's condition, "including the pace and mental limitations, into the only concrete restrictions available to him." *Id*. at 1174.

Here, by contrast, the medical record includes a concrete, marked limitation regarding Bennett's ability to interact appropriately with supervisors. It contains a medical opinion stating the potential to cause anxiety and other disturbances related to PTSD. Tr. 527. Such disturbances have the potential to be so disruptive in a regular workday that the AJL's limitation to simple tasks and no public contact simply does not appropriately capture the difficulty Bennett is expected to have with supervisors related to her PTSD. Because the medical record contains a credible, concrete limitation that was not incorporated into the RFC, *Stubbs-Danielson* is not on point. With respect to the issue of Bennett's limitations in responding to supervisors, the ALJ was not tasked with translating a physician's narrative opinion into a concrete limitation; rather, he was presented with a concrete limitation and simply failed to incorporate it into the RFC. This was an implicit rejection of Dr. Trueblood's opinion, for which the ALJ was required to provide legally sufficient reasons. *Lester*, 81 F3d at 830. This he did not do. As a result, the ALJ formulated an inaccurate RFC, causing further error. Because the court finds that the ALJ erred in his evaluation of the medical evidence, the court need not consider Bennett's further allegations of error.

## II.  Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1138-39 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir 2004)). The

10 – FINDINGS AND RECOMMENDATION

court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871 876 (9th Cir. 2003) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991) (*en banc*)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

Here, the court finds no outstanding issues that must be resolved before a determination of disability can be made. The ALJ did not provide legally sufficient for rejecting Dr. Trueblood's opinion that Bennett has marked limitations in interacting with supervisors. A marked limitation is defined as a "substantial loss" in the ability to function in a given area. Tr. 526. Under the Regulations, a substantial loss in one of the basic mental demands of competitive unskilled work, including the ability to respond appropriately to supervisors, can justify a finding of disability. SSR 85-15, at *4. When credited as true, Dr. Trueblood's opinion justifies a finding of disability; on this record it is therefore not necessary for the ALJ to formulate a correct RFC and take new testimony from a VE. As there are no outstanding issues that must be resolved, this case should be reversed and remanded for the immediate payment of benefits.

11 – FINDINGS AND RECOMMENDATION

## RECOMMENDATION

The ALJ improperly rejected Dr. Trueblood's opinion and failed to incorporate Bennett's marked limitations into the RFC. When credited as true, Dr. Trueblood's opinion justifies a finding of disability. The case should therefore be remanded for the immediate payment of benefits.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Recommendation. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

Dated this 30th day of April, 2014.

_____
Honorable Paul Papak
United States Magistrate Judge