IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY JO BENNETT,

        Plaintiff,                No. 02:12-cv-02041-PK

     v.

CAROLYN W. COLVIN,                ORDER
Commissioner of Social Security,

        Defendant.

HERNANDEZ, District Judge:

     Magistrate Judge Papak issued a Findings & Recommendation (#18) on April 30, 2014, in which he recommends the Court reverse the Commissioner's decision and remand the case for the immediate payment of benefits. Defendant has timely filed objections to the Findings & Recommendation. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

     When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the

1 - ORDER

Magistrate Judge's report.  28 U.S.C. § 636(b)(1); <u>Dawson v. Marshall</u>, 561 F.3d 930, 932 (9th Cir. 2009); <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

I have carefully considered Defendant's objections and conclude there is no basis to modify the portion of the Findings & Recommendation concluding that the ALJ improperly rejected Dr. Trueblood's opinion and failed to incorporate Plaintiff's marked limitations into the RFC.  I agree with Defendant, however, that Judge Papak erred in his application of Social Security Ruling (SSR) 85-15[1] to conclude that remand with benefits was appropriate.

In a Ninth Circuit case with similar facts, the plaintiff argued that under SSR 85-15, he was entitled to benefits based on his mental limitations.  <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (9th Cir. 1997).  The record contained an opinion from a treating physician that the plaintiff was markedly limited in his ability to maintain attention and concentration for extended periods, complete a normal work day or week, and cooperate with supervisors.  <u>Id.</u>  The plaintiff cited to SSR 85-15, noting that the regulation stated that benefits may be awarded where a claimant suffers from a substantial loss of various work-related abilities, including the ability to respond appropriately to supervision.  <u>Id.</u>  The Ninth Circuit rejected the argument, making clear that "SSR 85-15 . . . provides guidance only for cases in which the claimant asserts <u>solely</u> nonexertional impairments."  <u>Id.</u> (internal quotation marks omitted) (emphasis added).  Thus, because the plaintiff had asserted both exertional impairments such as limits in his abilities to sit and lift, and nonexertional impairments, SSR 85-15 did not apply.  <u>See</u> also <u>Roberts v. Shalala</u>, 66 F.3d 179, 183 (9th Cir. 1995) (claimant could not rely on SSR 85-15 when claiming both exertional and nonexertional impairments). Cases from this district have noted the same thing.

---

[1] Available at 1985 WL 56857.

E.g., Rippe v. Astrue, No. 03:11-cv-01019-PK, 2012 WL 6863194, at *5 (D. Or. Nov. 19, 2012) (SSR 85-15 inapplicable to claimant with several exertional impairments), adopted by J. Brown (D. Or. Jan. 14, 2013); Rundell-Princehouse v. Astrue, No. 02:10-cv-988-CL, 2011 WL 7121604, at *9 (D. Or. Oct. 31, 2011) (same), adopted by J. Panner (D. Or. Jan. 31, 2012).

Here, Plaintiff alleges several exertional impairments as well as nonexertional ones. Tr. 170 (nerve damage, disc disease, arthritis); Tr. 200 (bad back and neck, spinal "scosis," limitations in walking, bending, and standing); Tr. 223 (spinal arthritis and stenosis, mobility problems). The ALJ found that Plaintiff had severe exertional impairments: mild disc bulges in lumbar spine, bilateral carpal tunnel syndrome, and obesity. Tr. 19. Thus, SSR 85-15 does not apply to her case because she has both exertional and nonexertional limitations.

Finally, I have also reviewed the pertinent portions of the record *de novo* and find no other errors in the Magistrate Judge's Findings & Recommendation.

## CONCLUSION

The Court ADOPTS Magistrate Judge Papak's Findings & Recommendation [#18] IN PART and DOES NOT ADOPT the Findings & Recommendation IN PART as follows: (1) the Court adopts the portion of the Findings & Recommendation concluding that the ALJ improperly rejected Dr. Trueblood's opinion regarding Plaintiff's marked limitation in her ability to respond appropriately to supervision; and

/ / /

/ / /

/ / /

/ / /

3 - ORDER

(2) the Court does not adopt the portion of the Findings and Recommendation concluding that SSR 85-15 directs a remand for the immediate payment of benefits. Therefore, the Commissioner's decision is reversed and the case is remanded for further proceedings in which the ALJ should credit Dr. Trueblood's marked limitation in the ability to accept supervision in formulating the RFC and then obtain vocational expert testimony, if necessary, to proceed with steps four and five of the sequential analysis.

IT IS SO ORDERED.

DATED this 6 day of June, 2014.

*Marco Hernandez*
MARCO A. HERNANDEZ
United States District Judge

4 - ORDER